UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE KNATT                                                                  CIVIL ACTION

VERSUS                                                                                   NO. 20-841-JWD-RLB

OCHSNER HEALTH SYSTEM

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 14, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE KNATT                                                    CIVIL ACTION

VERSUS                                                                         NO. 20-841-JWD-RLB

OCHSNER HEALTH SYSTEM

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) filed on March 17, 2021. (R. Doc. 7). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

This matter is also before the Court *sua sponte* in light of Plaintiff's failure to show cause, in writing, why this action should not be dismissed under Rule 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service.

**I.   Background**

On December 9, 2020, Theodore Knatt ("Plaintiff"), who is proceeding *pro se*, commenced this employment discrimination action against his former employer Ochsner Clinic Foundation ("Defendant").[1] The Court ordered Plaintiff to pay the Court's filing fee or file a Motion to Proceed in forma pauperis. (R. Docs. 2, 3, 4).

On February 3, 2021, the Court acknowledged that Plaintiff had completed payment of the $402 filing fee[2] and advised Plaintiff to serve Defendant within the time allowed by Rule 4(m) or face dismissal of his claims. (R. Doc. 5).

---

[1] Plaintiff identifies his former employer as "Ochsner Medical Center/Ochsner Health System" in the Complaint.
[2] The Court's initial order (R. Doc. 2) erroneously stated that the filing fee was $400. Plaintiff complied with that order and paid $400.00. The filing fee, however, had increased to $402.00 effective one week prior to the filing of the Complaint. The Court corrected this error in subsequent orders. (R. Docs. 3, 4). Plaintiff later paid the remaining $2.00 balance.

1

On March 8, 2021, the Court ordered Plaintiff to show cause, in writing, on or before March 30, 2021, why Plaintiff's claims against Defendant should not be dismissed under Rule 4(l) and (m) for lack of service and/or proof of service. (R. Doc. 6). The Court further provided that Plaintiff need not show cause if proof of service was filed into the record by March 30, 2021.

On March 17, 2021, Defendant filed its Motion to Dismiss, representing that service of process had not been made as of the date of the motion's filing. (R. Doc. 7). Defendant seeks dismissal of Plaintiff's claims on the basis that he has failed to pay a $2 balance on the required filing fee and that Plaintiff did not serve process on Defendant within 90 days of the filing of the Complaint on December 9, 2020.

As of the date of this Report and Recommendation, Plaintiff has not filed a response to Defendant's Motion to Dismiss or a response to the Court's March 8, 2021 show cause order. Plaintiff has not submitted summons nor has he filed any proof of service.

**II.     Law and Analysis**

On March 17, 2021, the date Defendant filed its Motion to Dismiss: (1) the docket indicated that Plaintiff had paid the full $402 filing fee; and (2) the Court had acknowledged on February 3, 2021 that Plaintiff had paid the full $402 filing fee. Given the foregoing, the Court finds no basis for dismissing Plaintiff's claims on the basis that Plaintiff failed to pay the required filing fee.

Nevertheless, Plaintiff's claims are subject to dismissal, without prejudice, for failure to timely serve the Complaint and failure to comply with the Court's March 8, 2021 show cause order. Rule 4(m) of the Federal Rules of Civil Procedure provides the following:

2

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id*. "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id*.

Even in the absence of good cause, however, the Court has discretion "to order that service be made within a specified time" as an alternative to dismissal. Fed. R. Civ. P. 4(m); *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause").

Pursuant to Rule 4(m), Plaintiff had until on March 12, 2021 (within 90 days after the Complaint was filed) to serve the Defendant. Plaintiff was reminded on February 3, 2021 (R. Doc. 5) of his obligation to submit summons for issuance by the Clerk's office and to serve the Defendant within the required time. On March 8, 2021, the Court noted that Plaintiff had still not submitted summons to the Clerk and had not served the Defendant.  With the deadline to do so only days away, the Court set March 30, 2021 as the deadline for Plaintiff to provide proof of service or written reasons why his claims should not be dismissed for lack of service and/or proof of service. (*See* R. Doc. 6). Plaintiff failed to serve the Defendant and failed to comply

3

with the show cause order. Plaintiff has not submitted any evidence in the record that he has taken any action to serve Defendant. Plaintiff has also not sought any relief from the Court to extend his deadline to serve Defendant, much less demonstrated good cause for such an extension. Plaintiff has been provided notice that dismissal under Rule 4(m) is forthcoming. Plaintiff has also not opposed Defendants' Motion to Dismiss.

Given the record, Plaintiff's claims against Ochsner Clinic Foundation are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m); *see also* Local Rule 41(b)(1)(A) ("A civil action may be dismissed by the Court for lack of prosecution . . . [w]here no service of process has been made within 90 days after filing of the complaint.").

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) (R. Doc. 7) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Ochsner Clinic Foundation be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on April 14, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**